**Nancy W. VEEDER**

v.

**TRUSTEES OF BOSTON COLLEGE.**

Civ. A. No. 77–1934–Z.

United States District Court,
D. Massachusetts.

Oct. 12, 1979.

John M. Reed, Boston, Mass., for plaintiff.

Philip Burling, Foley, Hoag & Eliot, Boston, Mass., for defendant.

## MEMORANDUM OF DECISION

ZOBEL, District Judge.

Defendant has moved for sanctions including dismissal of this action and an order awarding reasonable attorney's fees and expenses because plaintiff not only failed to produce a requested document in response to defendants' discovery efforts, but, in fact, destroyed all copies of the document known to her.

Plaintiff, a professor at Boston College, brought this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and under the Equal Pay Act, 29 U.S.C. § 206(d). She alleges that defendant discriminated against her on account of her sex in pay as well as promotion and tenure. The document in issue is a "final reference" which was part of her file and part of her record as a graduate student at the Smith College School of Social Work.

The facts underlying defendants' motion are not in dispute. Defendants requested the production of documents and a waiver of privacy as to certain of these documents at Smith College which were protected by the so-called Buckley Amendment, 20 U.S.C. § 1232g. Counsel for the parties disagreed as to the right of defendants to production of these papers, plaintiff refused to produce them or authorize their disclosure, and defendants undertook to obtain them by means of a subpoena duces tecum directed to Smith College. After receiving notice of defendants' intention to serve that subpoena, but before the taking of the deposition of Smith College, plaintiff travelled to Smith, requested to see her records, and after reviewing them, destroyed all copies of the "final reference" in her file. Defendants thereafter did take the deposition of the Dean of the Smith College School of Social Work and thus learned of plaintiff's actions, but also obtained a copy of the destroyed document which had been found in yet another file in the basement of the School.

Rule 37(d), Fed.R.Civ.P., 28 U.S.C., authorizes the imposition of various sanctions for failure to respond to certain discovery requests including an order of dismissal and an order for the payment of the reasonable expenses caused by the failure.

There is no question that plaintiff violated both the letter and the spirit of the discovery rules. Whatever legitimate grounds she may have had for contesting defendants' right to inspect the "final reference", she was bound to assert them in court in accordance with the rules which are designed to afford both sides a fair and impartial hearing. This system of deciding disputes cannot tolerate self-help such as plaintiff's in the instant case, and survive.

The matter of an appropriate sanction is more difficult. In the final analysis defendants were not harmed in the preparation of their case as plaintiff did not succeed in destroying all copies of the document. Dismissal is not, therefore, an appropriate sanction. Defendants were, however, put to the expense of searching out the document by means of a deposition and subpoena duces tecum. That expense shall be borne by plaintiff. Defendants seek an additional order prohibiting plaintiff from destroying any other documents and requiring her to file a statement attesting to the accuracy of all answers she has heretofore given in response to various requests for discovery. That request is denied.

The motion for sanctions is allowed and plaintiff is ordered to pay defendants the expenses of taking the deposition of Smith College School of Social Work in the total amount of $1,323, including attorney's fees in the amount of $1,225 and disbursements of $98. Said payment shall be made by plaintiff within 20 days.